BROWN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-564-CR

TERRENCE N. BROWN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

A jury convicted Appellant Terrence N. Brown of possession with intent to deliver a controlled substance (cocaine) of four grams or more but less than 200 grams.  The trial court sentenced Appellant to ten years’ incarceration.  In two points, Appellant argues that the evidence of intent to deliver was legally and factually insufficient to support his conviction.
(footnote: 2)  We affirm.

Standards of review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) when the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment and, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.    In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

With these standards of review in mind, we turn our attention to the evidence adduced at trial.

Evidence

Fort Worth Police Officer Michael Martinez testified that while patrolling in east Fort Worth on September 27, 2002, he observed a white Isuzu pickup truck make an unsignalled left-hand turn.  Martinez turned on his emergency flashers.  The pickup turned “very quickly” into a residential driveway.  The pickup’s driver quickly got out of the vehicle and began walking towards the residence.  Martinez told the driver, Appellant to return to his pickup.  Martinez testified that Appellant “walked at a brisk pace back towards the front of his vehicle . . . .  Once he got to the front part of his vehicle, he slowed his pace down tremendously, very, very slow.”  Martinez was standing behind Appellant’s pickup.  As Appellant crossed in front of the pickup, Martinez—looking through the rear window and front windshield of the pickup—saw something fall from Appellant’s hand.  Martinez asked Appellant to sit in the back seat of his patrol car.  He then walked around to the front of the pickup where he found a clear sandwich bag containing “one large, large rock” and “a few individual rocks which were still big rocks” of crack cocaine, later found to weigh a total of 6.9 grams.
(footnote: 3)  Martinez then arrested Appellant.  Martinez searched Appellant’s person and found $399 but no drug paraphernalia.

Bryan Taylor testified that he knew Appellant and knew that Appellant had an income of $370 for the month of September 2002.  (Outside the jury’s presence, Taylor testified that he was Appellant’s probation officer and that Appellant reported his income to Taylor as part of his monthly probation report.) 

Fort Worth Police Officer Bruce Blaisdell had been assigned to the special operations division, narcotics section for eight years.  He testified that individual doses of crack cocaine are “very small,” about the size of a plastic thumbtack. A crack cocaine user typically buys a “a dime,” or about a tenth of a gram for ten dollars.  Dealers usually carry crack cocaine in a plastic baggie tied in a knot.  While individual doses are occasionally sold to users in individual bags, a dealer will usually “just hand you one [a dose of crack] that’s loose.”  Blaisdell testified that the crack cocaine found by Martinez was in a baggie tied in a knot and that the weight of the cocaine in the baggie was consistent with “a dealer amount” and with “a person that possesses it with intent to deliver.”  The 6.9 grams of crack would cost $200-$250 if purchased in bulk from a higher-level dealer and would sell for about $700 if resold by the gram or tenth of a gram. A quarter-ounce—about 6.9 grams—is an amount commonly purchased by mid-level dealers for resale. 

Appellant cross-examined Martinez and Blaisdell extensively on the question of whether the position of the pickup truck relative to Martinez and Appellant made it impossible for Martinez to see Appellant drop the baggie.  That line of questioning is relevant only to the possession aspect of the conviction, which Appellant does not challenge, rather than to the intent-to-deliver aspect.  Other witnesses testified about when title to the pickup was issued in Appellant’s name.  This testimony, too, is irrelevant to the intent-to-deliver question.

Analysis

Intent to deliver a controlled substance may be proved by circumstantial evidence, including evidence surrounding its possession.  
Rhodes v. State
, 913 S.W.2d 242, 251 (Tex. App.—Fort Worth 1995), 
aff’d
, 945 S.W.2d 115 (Tex. Crim. App. 1997), 
cert. denied
, 522 U.S. 894 (1997).  Additionally, intent to deliver may be inferred from the quantity of drugs possessed and from the manner in which they are packaged.  
Id
.  Courts have considered several factors in determining such intent, including the following:  (1) the nature of the location where the defendant was arrested; (2) the quantity of drugs the defendant possessed; (3) the manner of packaging of the drugs; (4) the presence or absence of drug paraphernalia (for use or sale); (5) whether the defendant possessed a large amount of cash in addition to the drugs; and (6) the defendant’s status as a drug user.  
Jordan v. State
, 139 S.W.3d 723, 726 (Tex. App.—Fort Worth 2004, no pet.).  
Expert testimony may be introduced to prove intent to deliver.  
Id
.

As recounted above, the State adduced the following evidence relevant to the issue of intent:  Martinez found 6.9 grams of crack cocaine in a plastic baggie tied with a knot; possession of 6.9 grams of crack—the equivalent of sixty-nine 1/10-gram doses—is consistent with an intent to deliver; drug dealers typically carry crack in knotted baggies; crack is usually sold to users as unpackaged chips; the crack had a street value of $700; Appellant was carrying $399, somewhat more than his total income for the month of September; and Appellant had no drug paraphernalia on his person, suggesting that he did not intend to smoke the crack himself.

Appellant argues that the evidence does not support some of the 
Jordan
 factors.  First, Appellant argues that while Martinez arrested Appellant in what Blaisdell called a “high narcotics area,” Blaisdell also testified that narcotics are sold “pretty much in every section of Fort Worth.”  Appellant also observes that there was no evidence that the house where he was arrested was a known crack house.  Second, Appellant argues that 6.9 grams of crack cocaine does not necessarily prove an intent to deliver.  Third, Appellant argues that there is no evidence that the smaller “rocks” in the baggie were 1/10 gram doses.  Fourth, Appellant argues that he did not have a digital scale—a tool of the drug trade—or empty baggies in his possession, which suggests that the crack was for personal consumption rather than resale and delivery.  We note, however, that Blaisdell testified that an experienced drug dealer can estimate the weight of a rock of crack by its size, making scales unnecessary, and that crack is usually distributed to users without any kind of packaging.  Fifth, Appellant argues that the $399 found on his person is not necessarily a “large amount of cash.”  Finally, Appellant argues that there is no evidence as to whether he is or is not a drug user.

As the trier of fact, the jury was the sole judge of the weight of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000); 
Zuniga,
 144 S.W.3d at 481.
  While the evidence or lack of evidence cited by Appellant may be relevant to the factors listed in 
Jordan
, it does not, when considered in a neutral light alongside all of the other evidence, so tip the scales in Appellant’s favor as to render the evidence of intent to deliver factually insufficient.

In his final argument to the jury, Appellant’s counsel suggested that “[if] you believe that [Appellant] possessed it, then you probably should find that he possessed it with intent,” and the jury did just that.  We hold that the evidence, when considered in the light most favorable to the jury’s verdict, is legally sufficient to support Appellant’s conviction
 for possession of a controlled substance with intent to deliver.  We further hold that the evidence, when viewed in a neutral light, is factually sufficient to support his conviction.  We overrule both of Appellant’s points.

Conclusion

Having overruled both of Appellant’s points, we affirm the judgment of the trial court.  
See
 
Tex. R. App. P.
 43.2(a).

ANNE GARDNER

JUSTICE

PANEL F: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 23, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
He does not challenge the possession aspect of his conviction.

3:
At trial, Appellant stipulated that the substance in the baggie was cocaine.